# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM ANDERSON,

    Plaintiff,

v.                                                    Case No: 8:18-cv-48-T-36JSS

WERNER ENTERPRISES, INC.,

    Defendant.

## **ORDER**

This cause is before the Court on the Defendant's Partial Motion to Dismiss, Motion for More Definite Statement, and Memorandum of Law in Support (Doc. 5), and Plaintiff's response thereto (Doc. 9). In the Motion, Defendant moves to dismiss Plaintiff's claim under the Florida Civil Rights Act, sections 760.01-761.00 and 509.092 of the Florida Statutes ("FCRA"), for failure to allege that he requested an accommodation for his disability, which Defendant argues is required before an employer is obligated to make an accommodation. Doc. 5 at 4. Defendant also moves for a more definite statement on the basis that the Complaint is a shotgun pleading. *Id.* at 4-6. Plaintiff responds that an allegation that he requested accommodation is not required for his claim. Doc. 9. For the reasons that follow, Defendant's Motion will be granted.

**I.    BACKGROUND**[1]

This action arises from Plaintiff William Anderson's ("Anderson") allegations that Werner Enterprises, Inc. ("Werner"), through its agents or supervisors, engaged in a pattern and

---

[1] The following statement of facts is derived from the Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

practice of unlawful discrimination by subjecting Anderson to disparate treatment in their hiring process based on his perceived disability, his history or disability, and/or his perceived disability. Doc 2 ¶ 21.

Anderson has suffered and continues to suffer from a major depressive disorder and anxiety disorder stemming from his time in the military, and his medical conditions substantially limit his major life activities. *Id*. ¶¶ 6-7. On or around July 29, 2015, Werner pre-approved Anderson for hire as a truck driver subject to a background check and medical clearance. *Id*. ¶ 8. About a month later, prior to finalization of the hiring process, Werner's Driver Recruiter, Krista Reid, informed Anderson that there were issues related to his medical diagnosis. *Id*. ¶ 9. Anderson's doctor from the Department of Veteran's Affairs ("VA") provided Anderson's medical documentation to Werner, and on October 21, 2015, having received no response from Werner, Anderson sent a follow-up email saying, "I am assuming you received my medical information . . . I presume something in my medical information disqualified me as a CDL driver." *Id*. ¶ 13. Ultimately, Anderson's pre-approval for employment was rescinded and Werner did not hire him. *Id.* ¶ 14.

Based on these facts, Anderson filed the instant action, alleging Werner violated the FCRA. *Id*. ¶ 25. Anderson alleges that Werner regarded him as disabled, and engaged in a pattern and practice of unlawful discrimination by failing to hire him based on his perceived disability, or his history of perceived disability. *Id.* ¶ 21. Specifically, Anderson alleges that Werner failed to adequately supervise, control, discipline, or penalize unlawful conduct by its employees, and failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from its hiring process, or prevent such discrimination from occurring in the future. *Id.* ¶¶ 25-26. Anderson alleges that as a result of Werner's discriminatory conduct and

failure to engage in a process for accommodating Anderson, he has suffered damages.

Werner filed the instant motion to dismiss, arguing that to state a claim for failure to accommodate under the FCRA, a plaintiff must allege that he or she requested a particular accommodation, and that because Anderson failed to include such an allegation, he failed to state a claim. Doc. 5 at 4. Additionally, Werner moves for a more definite statement because the Complaint is a shotgun pleading that fails to separate each cause of action or claim for relief into different counts. *Id.* at 5. Werner contends that Anderson's Complaint asserts claims based on different legal theories without identifying which allegations support each claim. *Id.*

Anderson responds that because his claims are based on the allegation that Werner regarded him as being disabled—regardless of whether he was actually disabled—the relevant issue is how Werner perceived his condition. Doc. 9 at 2. Anderson argues that Werner failed to consider whether his medical condition precluded his ability to work, with *or* without a reasonable accommodation, and therefore he is not required to allege that he requested an accommodation. *Id.* at 1, 3.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff, [here, Anderson], pleads facts that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id*. The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)." *Twombly*, 550 U.S. at 555. As a corollary to this, Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12 (e). Because of the notice pleading standard in federal court, motions for more definite statement are disfavored and should be granted only if pleading to which motion is directed is so vague that the respondent cannot reasonably be expected to respond. *Scarfato v. Nat'l Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

## III. DISCUSSION

### A. Failure to Accommodate

This is a disability action brought pursuant to the FCRA, and such claims are analyzed under the same framework as the Americans with Disabilities Act. 42 U.S.C. § 12101-12213 ("ADA"). *See Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000); *Holly v. Clairson Industries, LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007). The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA further provides that "[n]o covered entity shall discriminate against a qualified individual on

the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id.* The corresponding provision of the Florida Statutes, contained within the FCRA, makes certain conduct unlawful for employers, including failing or refusing "to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . handicap . . . ." § 760.10, Fla. Stat. (2018).

To state a claim, Anderson must allege the elements of a *prima facie* case of discrimination, including that he (1) is disabled, (2) is a qualified individual, and (3) was unlawfully discriminated against because of his disability. *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 959 (11th Cir. 2015) (citing *Holly*, 492 F.3d at 1255-56); *see also Andrews v. City of Hartford*, 700 F. app'x 924, 926 (11th Cir. 2017) (explaining that "[t]o state a 'regarded as' disability claim under the ADA, a plaintiff must allege, among other things, that he was 'regarded as' disabled, he was a qualified individual, and that a 'covered entity' discriminated against him 'on account of' his disability.") (quoting 42 U.S.C. § 12102(1)). The ADA defines "disability" to include "being regarded as having" "a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual." 42 U.S.C. § 12102(2); *see also Razner v. Wellington Reg.'l Med. Ctr., Inc.*, 837 So. 2d 437, 441 (Fla. 4th DCA 2002) (stating that a handicapped individual includes one who is regarded by an employer as having a substantially limiting impairment). A qualified individual is one who, with or without reasonable accommodation, can perform the essential functions of the employment position. *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016) (citing 42 U.S.C. § 12111(8)).

One type of action that may be brought against an employer is one for failure to accommodate. An employer is required "to make 'reasonable accommodations' to an otherwise qualified employee with a disability, 'unless doing so would impose [an] undue hardship.' " *Id.* (quoting *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)). However, "an employer's 'duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made.' " *Id.* (quoting *Gason v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363-64 (11th Cir. 1999)).

Werner moves to dismiss the Complaint to the extent that Anderson seeks to raise a claim for failure to accommodate, arguing that the Complaint contains no allegation that Anderson requested a reasonable accommodation. Doc. 5 at 4. Anderson appears to concede that he does not raise a claim for failure to accommodate. He responds instead by arguing that Werner regarded him as disabled, and denied him employment without considering whether he could perform the essential functions of employment with or without a reasonable accommodation. Doc. 9 at 3.

Werner is correct that the Complaint fails to state a claim for failure to accommodate. To state a claim for failure to accommodate, the plaintiff must allege that the employer failed to accommodate the plaintiff's disability, which does not appear in the Complaint. *Warren v. Volusia Cty., Fla.*, 188 F. App'x 859, 863 (11th Cir. 2006) (recognizing that "[a]n employee's failure to request a reasonable accommodation is fatal to the prima facie case"). However, a plaintiff may also raise a disability claim based on disparate treatment, which requires the plaintiff to show that he or she suffered an adverse employment action and that the disability was the determining factor. *McCoy v. Geico Gen. Ins. Co.*, 510 F. Supp. 2d 739, 748 (M.D. Fla. 2007) (explaining the burden of proof in a disparate treatment claim). Werner does not move to dismiss the Complaint on the basis that it fails to state a claim for disparate treatment.

6

Accordingly, Anderson fails to state a claim for failure to accommodate, and any claim based on this theory is dismissed without prejudice.[2]

### B. Motion for More Definite Statement & the Clarity of the Claims

Parties are required to state their claims with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10(b). Failing to comply with these rules may result in a shotgun pleading. Four types of shotgun pleadings exist. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). The first is a complaint that contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where all but the first count contain irrelevant information and/or legal claims. *Id.*; *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Another type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. The third type is when the pleading groups several causes of action together, each with its own legal standard. *See id.*; *see also Ledford v. Peeples*, 605 F.3d 871, 892 (11th Cir. 2010). The final type of shotgun pleading is one where multiple claims are asserted "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322. The court may require the plaintiff to submit a more definite statement pursuant to the Federal Rules of Civil Procedure if faced with a shotgun pleading. *Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.3 (11th Cir. 1996); Fed. R. Civ. P. 12(e).

---

[2] As set forth below, it is unclear as to exactly what type of disability-related discrimination claim(s), i.e., failure to accommodate, regarded as disabled, etc., Anderson alleges in his Complaint.

7

Anderson's pleading carries a problem similar to many other shotgun pleadings, as "it is virtually impossible to know which allegations of fact are intended to support which claim(s) . . . ." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (quoting *Anderson*, 77 F.3d at 366). The Complaint lists facts, but Anderson fails to identify whether he seeks to raise a single count or several counts against Werner, what those counts are, and which facts apply to which counts. Such formatting fails to give Werner "adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1322-23.

Accordingly, Anderson must amend the Complaint to clarify what claims he is bringing against Werner, and what facts apply to each individual claim. Such clarification will allow Werner to prepare a response and further lay the groundwork for an orderly discovery process and ultimate resolution of this case. *See* Fed. R. Civ. P. 12(e).

Accordingly, it is hereby **ORDERED:**

1. Defendant's Partial Motion to Dismiss, Motion for More Definite Statement, And Memorandum of Law in Support (Doc. 5) is **GRANTED.**

2. The Complaint (Doc. 1) is **DISMISSED**, without prejudice.

3. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which corrects the deficiencies noted herein. Failure to file an amended complaint within the time permitted will result in dismissal of this action.

**DONE AND ORDERED** in Tampa, Florida on August 6, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties